IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. 1:21-cv-01571 ) |
| v. | ) The Honorable Steven C. Seeger ) |
| CHEESE MERCHANTS OF AMERICA, LLC and ZACK WYPYCH, | ) ) ) ) |
| Defendants. | |

**PLAINTIFF CONTINENTAL WESTERN INSURANCE COMPANY'S
MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 58**

NOW COMES the Plaintiff/Counter-Defendant, Continental Western Insurance Company ("Continental Western"), by and through its attorneys, Dana A. Rice and Adam P. Joffe of Traub Lieberman Straus & Shrewsberry LLP, and for its Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 58, it states as follows:

**BACKGROUND**

Continental Western filed this lawsuit on March 22, 2021, seeking a declaration that it owed and owes no duty to defend and/or indemnify Cheese Merchants of America, LLC ("Cheese Merchants") in a putative class action lawsuit currently pending in the Circuit Court of Cook County, Illinois, under Case Number 2020 CH 02437 ("*Wypych* Lawsuit"). (Doc. 1.)

Continental Western filed a First Amended Complaint on September 13, 2021, seeking the same relief. (Doc. 22.)

Continental Western premised its position that it owed no duty to defend and/or indemnify Cheese Merchants in the *Wypych* Lawsuit on three main exclusions found in the insurance policy it issued to Cheese Merchants: (1) the "Recording and Distribution of Material or Information in

1

Violation of Law Exclusion" ("Violation of Law Exclusion"); (2) the "Access or Disclosure of Confidential or Personal Information Exclusion" ("Disclosure of Personal Information Exclusion"); and (3) the "Employment-Related Practices Exclusion." (Doc. 22.)

Defendant, Zack Wypych ("Wypych"), was named in this lawsuit solely as a necessary party due to his position as the plaintiff in the underlying *Wypych* Lawsuit; however, Continental Western did not (and does not) seek any affirmative relief against Wypych. Rather, Continental Western named Wypych as a defendant so that he would be bound by this Court's rulings with respect to coverage for the underlying *Wypych* Lawsuit.

## MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OPINION AND ORDER

With no material facts in dispute, Continental Western filed a Motion for Judgment on the Pleadings on November 22, 2021. (Doc. 26.) The parties proceeded to fully brief that Motion.

On September 27, 2022, this Court issued its Memorandum Order and Opinion on Continental Western's Motion for Judgment on the Pleadings ("Opinion") (Doc. 33.) In its Opinion, the Court granted in part and denied in part Continental Western's Motion based on the following conclusions:

- "The Court holds that the employment-related practices exclusion does not unambiguously preclude coverage of the BIPA claims in the *Wypych* Lawsuit." (Doc. 33 at 8);

- "The Court concludes that the exclusion about the 'access or disclosure of confidential or personal information' applies to the *Wypych* lawsuit. Thus, Continental Western has no duty to defend." (Doc. 33 at 17); and

- "The Court therefore holds that the violation of law exclusion at issue here applies to the BIPA claims brought against Cheese Merchants." (Doc. 33 at 31.)

## **CONTINENTAL WESTERN RESPECTFULLY REQUESTS ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58**

Federal Rule of Civil Procedure 58 provides, in pertinent part, the following, with respect to the entry of judgment:

Rule 58. Entering Judgment.

> (a) SEPARATE DOCUMENT. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
>
> (1) for judgment under Rule 50(b);
>
> (2) to amend or make additional findings under Rule 52;
>
> (3) for attorney's fees under Rule 54;
>
> (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
>
> (5) for relief under Rule 60.
>
> \* \* \*
>
> (d) REQUEST FOR ENTRY. A party may request that judgment be set out in a separate document as required by Rule 58(a).

Continental Western believes that this Court's September 27, 2022 Opinion (Doc. 33) should be considered a final judgment, as it resolves the sole issue between the parties in this lawsuit – *i.e.,* whether Continental Western has or had a duty to defend or indemnify Cheese Merchants in the *Wypych* Lawsuit. This Court concluded that Continental Western owes no coverage for the claims asserted in the *Wypych* Lawsuit because two of the three exclusions in the Continental Western Policy apply. As a result, Continental Western believes that the Court's Opinion resolves all issues between the parties in this litigation.

However, out of an abundance of caution, Continental Western recognizes that the Seventh Circuit has held the following:

> In declaratory judgment actions – the instant case is such an action – the district court must declare specifically and separately the respective rights of the parties. Language in a memorandum opinion or Rule 58 judgment indicating simply that a motion has been granted or denied, does not comply with the requirements of Rule 58. *Philadelphia Indemnity Ins. Co. v. The Chicago Trust Co.*, 930 F.3d 910, 912 (7th Cir. 2019); *Calumet River v. International Union of Operating Engineers*, 824 F.32 645, 651 (7th Cir. 2016).
>
> In the present case, the district court failed to separately declare the rights of the parties. The Rule 58 judgment (district court docket no. 166) stated that summary judgment is entered in favor of plaintiff Great Divide Insurance Company against defendants Jessie and Linda McGee, nothing more. *Great Divide Ins. Co. v. Jessie McGee and Linda McGee*, No. 1:19-cv-00621 (N.D. Ill. May 2, 2022).

Additionally, the PACER system for the United States District Court for the Northern District of Illinois does not, at present, reflect that this matter has been terminated.

Accordingly, pursuant to Federal Rule of Civil Procedure 58, Continental Western respectfully requests that this Honorable Court enter an Order specifically and separately declaring that, for the reasons set forth in the Court's September 27, 2022 Opinion (Doc. 33), Continental Western has and had no duty to defend or indemnify Cheese Merchants in the *Wypych* Lawsuit and that this matter has been fully disposed.

WHEREFORE, Continental Western respectfully requests that this Honorable Court enter an Order specifically and separately declaring that, for the reasons set forth in the Court's September 27, 2022 Opinion (Doc. 33), Continental Western has and had no duty to defend or indemnify Cheese Merchants in the *Wypych* Lawsuit, and that this matter has been fully disposed.

Dated: January 04, 2023	Respectfully submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

/s/ Dana Rice

Dana A. Rice (6283827)
Adam P. Joffe (6300116)
Traub Lieberman Straus & Shrewsberry LLP
71 S. Wacker Drive
Suite 2110
Chicago, IL 60606
P: (312) 332-3900
drice@tlsslaw.com
ajoffe@tlsslaw.com

ATTORNEYS FOR CONTINENTAL WESTERN INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed on January 4th 2023, with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel on record.

/s/ Dana A. Rice
Dana A. Rice (6283827)
Adam P. Joffe (6300116)
Traub Lieberman Straus & Shrewsberry
71 S. Wacker Drive, Suite 2110
Chicago, IL 60606
Telephone: (312) 332-3900
Facsimile: (312) 332-3908
drice@tlsslaw.com
ajoffe@tlsslaw.com